Long v Cushman & Wakefield, Inc. (2023 NY Slip Op 04723)

Long v Cushman & Wakefield, Inc.

2023 NY Slip Op 04723

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Manzanet-Daniels, J.P., Mendez, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 153118/18, 595049/21, 595152/21 Appeal No. 627 Case No. 2022-03997 

[*1]Kylie Long, Plaintiff-Respondent,
v
Cushman & Wakefield, Inc., Defendant-Appellant, JRM Construction Management, LLC et al., Defendants. [And Other Third-Party Actions.]

Kahana Feld, New York (Christopher Theobalt of counsel), for appellant.
Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for respondent.

Order, Supreme Court, New York County (James d'Auguste, J.), entered August 15, 2022, which denied defendant Cushman & Wakefield, Inc.'s motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.
Plaintiff tripped and fell on a chair in her cubicle, sustaining injuries, while getting up to activate the motion sensors that controlled the lighting that had gone off in her employer's office building. The court correctly determined that issues of fact existed as to whether defendant, which had contracted with plaintiff's employer to provide property management services, owed a duty of care to plaintiff (see Espinal v Melville Snow Contrs., Inc., 98 NY2d 136 [2002]). There were issues of fact as to whether plaintiff detrimentally relied on defendant's continued performance of its contractual duties, and whether defendant entirely displaced the employer's duty to maintain the premises safely (see id. at 140). Defendant's contention that plaintiff cannot claim detrimental reliance absent plaintiff's actual knowledge of the property management agreement between defendant and her employer is improperly raised for the first time on appeal and, in any event, unavailing in light of plaintiff's testimony, which raises an issue of fact as to her knowledge of the agreement.
Contrary to defendant's contention, the court properly considered whether the Espinal exceptions applied. Plaintiff's pleadings sufficiently apprised defendant that she was invoking the total displacement exception and, in any event, defendant raised the exception on its motion for summary judgment, precluding any claim of surprise or prejudice (see Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]). While plaintiff did not plead detrimental reliance, defendant has not argued that it was prejudiced by plaintiff's late invocation of that exception in her opposition to defendant's summary judgment motion (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]).
We decline defendant's invitation to search the record and grant it summary judgment on its comparative negligence affirmative defense, which was raised for the first time on appeal.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023